IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

    Plaintiff,                       No. CIV S-06-2094 FCD KJM P

    vs.

WARDEN RUNNELS, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. §1983. He has filed a motion for an extension of time to conduct discovery and a request for an order directing the prison to allow him to be present when a box containing his legal materials is opened and permit him to go to the law library.

I. <u>Request For Legal Property And Law Library</u> (Doc. No. 25)

        Plaintiff alleges that he needs to go to the law library because of deadlines in other cases and to prepare for his deposition in this case. He has not explained why it is necessary for him to use the law library to prepare for his deposition. Moreover, this court will not issue orders for general law library access unrelated to this litigation.

        In addition, plaintiff has not shown why his presence is necessary when (and if) prison officials open the box containing his legal materials

1

II. <u>Motion To Extend The Dates For Discovery</u> (Doc. No. 26)

Plaintiff alleges that during the period for discovery, he was unable to go to the law library and has not had access to the Local Rules or to paper. Defendant opposes the motion, arguing that during the discovery period as established by the court's order (October 2, 2007 through January 18, 2008), plaintiff has filed numerous pleadings in his other cases, citing both the Local Rules and case law.

At defendant's request, the court takes judicial notice of <u>Larson v. Runnels</u>, Civ. No. S-06-1413 ALA. <u>Bennett v. Medtronic, Inc</u>., 285 F.3d 801, 803 n.2 (9th Cir. 2002). As defendant has noted, plaintiff filed a number of documents during the period when he claims he had "no law library, no paper." Motion For Extension at 2.

The court may modify the scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b). A party seeking modification must show due diligence. <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087-88 (9th Cir. 2002). In this case, plaintiff was able to file a number of pleadings in at least one of his other cases even when he was claiming that he did not have paper. Moreover, he has not suggested how the purported lack of access to the law library hampered his ability to propound interrogatories or draft requests for admissions.

IT IS HEREBY ORDERED that:

1. Plaintiff's request to be present when his legal property is opened and for law library access (doc. 25) is denied; and

2. Plaintiff's motion to extend the discovery cut-off date (doc. 26) is denied.

DATED: February 22, 2008.

_____
U.S. MAGISTRATE JUDGE

2 lars2094.ord

2