1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARVEY EUGENE LARSON,

11          Plaintiff,                No. CIV S-06-2094 FCD KJM P

12      vs.

13   WARDEN RUNNELS,                  ORDER AND

14          Defendant.                FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983 challenging a policy at High Desert State Prison (HDSP) that restricts an

18   inmate's yard time during lockdowns.  Defendant has filed a motion for judgment on the

19   pleadings, which he asks the court to interpret as a motion to dismiss for failure to exhaust

20   administrative remedies.

21          Plaintiff has filed a motion to appoint counsel, a motion for class certification, a

22   motion for the court to subpoena records, a request for the appointment of an expert witness, and

23   a request for withdrawal of files and records from this court.

24   /////

25   /////

26   /////

1

I.  The Motion For Judgment/Motion To Dismiss

        A.  The Exhaustion Of Administrative Remedies

           The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons."  18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002).  Proper exhaustion of available remedies is mandatory, even when the prisoner seeks only money damages not available through the grievance process.  Booth v. Churner, 532 U.S. 731, 741 (2001); Woodford v. Ngo, 548 US 81 (2006) (addressing timeliness aspect of proper exhaustion).  The grievance process must be completed before the inmate files suit; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

           California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

           Finally, to satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint.  Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

/////

1    A motion to dismiss for failure to exhaust administrative remedies prior to filing

2  suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

3  1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial

4  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at

5  1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust.  Id. at 1119.

6    B.  Plaintiff's Use Of The Grievance Process

7    In his amended complaint, plaintiff alleges he filed an administrative grievance

8  about the restrictions on his access to the yard, but pursued it through the informal level only.

9  Amended Complaint (Am. Compl.) at 5.[1]  In his deposition, plaintiff explains that he has tried to

10 pursue the grievance further, but "I can't get an answer from them."  Motion (Mot.), Ex. A at

11 40:10.  He also says that when he doesn't get a response, he files another grievance on the same

12 subject, but "I won't send the original because they destroy it and they will have never answered

13 me."  Mot., Ex. A at 40:17-18, 50:7-8.  He does attempt to proceed through the remaining levels

14 of review by sending a handwritten copy of the original 602 form, reproducing the informal

15 response, but in his own handwriting.  Mot., Ex. A at 50:8-12.[2]  As support for his opposition,

16 however, plaintiff has sent a photocopy of a grievance form, which complains that he is not

17 receiving daily yard time at HDSP.  It is dated October 5, 2006 and stamped "received" in the

18 HDSP appeals office on October 10, 2006.  Plaintiff received an informal response in February

19 2007, but nothing on the form suggests that he pursued this grievance further.

20 Opposition (Opp'n), Ex. B.

21 /////

22 /////

23 _____

24    [1] This page number is assigned by the court's CM/ECF system.

25    [2] The grievance form attached to the amended complaint follows this practice.  It shows
an informal response which is written in plaintiff's distinctive script, complete with a hand
26 drawn stamp indicating the date the form was received in the appeals office of High Desert State
Prison.

3

1    Plaintiff has submitted additional exhibits showing his attempts to exhaust

2  administrative remedies.  Exhibit A consists of a grievance dated September 17, 2006 and

3  stamped "received" in the HDSP appeals office on September 19, 2006, and a "screen out"

4  notice dated January 13, 2007.  This notice, however, does not clearly correspond to the

5  grievance concerning yard time.

6    He also has attached an appeal dated October 11, 2007, protesting the restriction

7  on yard time during lockdowns; it was screened out as an abuse of the appeals process.  Opp'n,

8  Ex. C.  Finally, he has provided a copy of a grievance about yard time, dated March 4, 2008,

9  which apparently was screened out because plaintiff was no longer housed at HDSP at the time it

10  was filed.  Opp'n, Ex. D.[3]

11    Defendant has submitted the declaration of M. Dangler, the Appeals Coordinator

12  at the prison, who maintains HDSP's database of appeals that have been screened out and

13  returned to inmates.  Mot., Ex. B ¶¶ 2, 4-5.  Dangler avers that plaintiff filed several grievances

14  concerning yard time issues that were screened out or addressed informally.  Id. ¶ 8.

15    In addition, defendant has provided a declaration from N. Grannis, the Chief of

16  the Inmate Appeals Branch, who determined that plaintiff has not filed a third level grievance

17  about the deprivation of yard time.  Mot., Ex. C ¶¶ 1, 4.

18    C.  Analysis

19    Relying on Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999), plaintiff argues

20  he was not required to exhaust administrative remedies because he is seeking monetary damages

21  not available through the grievance process.  As defendant observes, Rumbles was overruled by

22  Booth, 532 U.S. at 741.

23    Next, plaintiff appears to argue that he attempted to exhaust but that the response

24  to his first grievance, dated September 17, 2006, was delayed beyond the time limits in the

25

26    [3]  The screen out notice is not a photocopy but rather a copy in plaintiff's hand.

4

1  regulations.  Under the applicable regulations, the informal response to a grievance must be
2  completed within ten working days, while the first level response must be completed within
3  thirty days.  15 Cal. Code Regs. § 3084.6 (b).  The notice that this grievance had been screened
4  out apparently was issued long after the time limits had elapsed.  The court need not determine,
5  however, whether institutional delay in responding to a grievance renders the grievance process
6  legally unavailable in this case.  Plaintiff submitted this grievance on September 17, 2006, but
7  then did not wait the time specified in the regulations for its resolution before filing the initial
8  complaint in this case on September 20, 2006.  All the subsequent grievances plaintiff has
9  proffered to show exhaustion were filed after the original complaint in this case.  Accordingly,
10 plaintiff failed to exhaust available administrative remedies before filing this action, which
11 therefore must be dismissed. McKinney v. Carey, 311 F.3d at 1200.

12 II.  Other Matters

13         In light of the above resolution of the motion to dismiss, plaintiff's other pending
14 nondispositive motions will be denied.

15         IT IS THEREFORE ORDERED that plaintiff's motion for the appointment of
16 counsel (docket nos. 29), request for the appointment of an expert witness and for health records
17 (docket no. 33), request to withdraw records (docket no. 35), request for class certification
18 (docket no. 42), request that the court issue a subpoena (docket no. 44) and request for trial court
19 evidence (docket no. 46) are denied.

20         IT IS HEREBY RECOMMENDED that defendant's motion to dismiss/for
21 judgment on the pleadings (docket no. 39) be granted.

22         These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised
that failure to file objections within the specified time may waive the right to appeal the District
Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2008.

_____
U.S. MAGISTRATE JUDGE

2

lars2094.57

6